## J. B. Bartholomew, Appellee, v. I. J. Case, Appellant.

## Gen. No. 6,818.

SALES, § 269*—*when breach of warranty in selling cattle is shown.* A purchaser of a bull, which was more than six months old, at a sale of cattle was given, before bidding, a sale catalogue containing the following: "Tuberculin Guarantee. All animals over six months of age have been. tested by authorized State veterinarians whose tests are approved by the authorities having charge of the live stock interests in the State and are believed to be free from tuberculosis. As further proof in the belief of the test, the following specific warrant and agreement is made between the owner and each purchaser at this sale. First: The owner of animals in this sale where said animals are upwards of six months of age does represent and warrant that said animals have been tuberculin tested within 20 days of sale and found free from tuberculin, certificate of which will be furnished with each animal. * * * All entries made in this sale are according to the printed terms and conditions. Certificates of registry, transfer and tuberculosis tests will be furnished free of charge." After the sale, the State veterinary notified the seller, who had permitted the purchaser to leave the bull on the premises for 5 or 6 days, that the bull should be held in quarantine for 60 days ·on the ground that it was infected with, or had been exposed to, tuberculosis. Twice within 60 days

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

the purchaser demanded delivery of the bull from the seller, but delivery was refused by reason of the quarantine order. It was *held* that the seller had been guilty of a breach of warranty and the purchaser had the right to rescind the contract within a reasonable time and to recover back the price or any part thereof which he had paid.

Appeal from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding. Heard in this court at the April term, 1920. Affirmed. Opinion filed October 12, 1920.

STEVENS, MILLER & ELLIOTT, for appellant.

DAILEY, MILLER, McCORMICK & RADLEY, for appellee.

MR. JUSTICE HEARD delivered the opinion of the court.

Appellant was engaged in the business of raising and selling pedigreed live stock and on October 29, 1918, had a public auction for the purpose of disposing of some of his stock. Appellee's son attended the sale and purchased and paid for a bull called King Rose Sadie Vale, the purchase price being $1,050. After the sale appellee's agent stated to appellant that the bull was going to appellee's farm about 20 miles away and that he would send a truck out for the bull in a few days if that was satisfactory to appellant. Appellant replied that it was and the bull was left at appellant's farm.

Appellee did not send for the bull for 5 or 6 days after the sale. On October 30 or 31, appellant received a notice in writing from the State veterinarian, issued October 29, that the bull and two other animals should be held in quarantine on the ground that he had good and sufficient reasons to believe that the animal was diseased with tuberculosis or had been exposed to the contagion thereof. When appellee sent for the bull appellant informed the truckman that he could not deliver the bull because of the quarantine and that he would have to hold the bull 60 days for a retest. Some

time later and before the expiration of the 60 days, appellee's son and agent called upon appellant and demanded the bull. Appellant refused to deliver it by reason of the quarantine being still in force. Appellee's agent then demanded the return of the purchase price, which being refused this suit was brought. The trial resulted in a judgment for appellee against appellant for $1,050 damages and the costs of suit, from which judgment this appeal is prosecuted.

One of the terms and conditions of the sale catalogue issued by appellant was. that "all animals are at the purchaser's risk as soon as sold." It is contended by appellant that upon the payment of the purchase price by appellee to appellant the sale was complete and that the title then passed to appellee; that the bull was thereupon constructively delivered to appellee and that the bull was on appellant's farm as an accommodation to appellee and that appellee had the constructive possession of the bull and that the only question involved in this case is whether under the provisions of the statute of the State of Illinois it was the duty of appellant to hold the bull for retest after having received notice from the State that the animal must be held as suspicious and for retest.

When appellee's agent attended the sale and prior to his bidding upon the animal in question he was handed a sale catalogue by appellant. This catalogue contained the following tuberculin guarantee:

"Tuberculin Guarantee.

"All animals over six months of age, have been tested by authorized State veterinarians whose tests are approved by the authorities having charge of the live stock interests in this State and believed to be free from Tuberculosis.

"As further proof in the belief of the test the following specific warrant and agreement is made between the owner and each purchaser at this sale:

"First: The owner of animals in this sale where

said animals are upwards of six months of age does represent, and warrant, that said animals have been tuberculin tested within 20 days of sale and found free from tuberculin, certificate of which will be furnished with each animal.

\* \* \* \* \* \* \*

"All entries made in this sale are according to the printed terms and conditions.

"Certificates of registry, transfer and tuberculosis tests will be furnished free of charge."

King Rose Sadie Vale was over six months of age and the representations and warranty contained in the sale catalogue applied to him.

It does not appear from the evidence that the bull had within 20 days of the sale been tuberculin tested and found free from tuberculin by an authorized State veterinarian whose tests are approved by the authorities having charge of the live-stock interests of the State. The bull was tested October 25, 1918, by Dr. Burton Allen, a local veterinarian, who was not examined as a witness in the case. He made a report of such test to the State veterinarian. No certificate as required by the warranty was made by any one authorized by law to make such certificate until after the commencement of this suit and after a retest made by the State authorities in January, 1919. It is true that Dr. Allen, who does not appear from the evidence to be authorized to issue health certificates, made a certificate which appellant saw for the first time after notice of the quarantine. Even this certificate did not comply with the warranty and show that King Rose Sadie Vale had been "Found free from tuberculin." While this certificate of Dr. Allen does contain this statement: "I hereby certify that I have this day physically examined and tested with tuberculin the above described animal and in my opinion said animal is free from Tuberculosis as far as can be determined by physical examination and Tuberculin test," it

stated other facts which instead of showing that the animal was free from tuberculin was the basis upon which the State veterinarian ordered the bull quarantined.

Whether the title to the bull in question had passed to appellee or not and whether there had been a constructive delivery of the bull or not, there was a breach of warranty of the bull by the seller, appellant, and upon the discovery of such breach of warranty, appellee, the buyer, had a legal right, within a reasonable time, to rescind the contract to sell or the sale and refuse to receive the goods, or if the goods had already been received return them or offer to return them to the seller and recover the price or any part thereof which had been paid. Rev. St. Ill. 1917, ch. 121a, sec. 69d [Callaghan's 1916 Stat. ¶ 10021(72)].

Appellant complains of the refusal of the court to give instructions asked by appellant. Appellant's refused instructions were all inconsistent with the views herein expressed and were properly refused.

The judgment is affirmed.

*Affirmed.*

NIEHAUS, J., took no part.